# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| John J. Petralia, II, | : | Case No. 1:05CV1405 |
| Petitioner | : | Judge Patricia A. Gaughan |
| v. | : | Magistrate Judge David S. Perelman |
| Rob Jeffreys, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his August 1, 2000 conviction pursuant to a plea of guilty to four counts of gross sexual imposition, upon which he was sentenced to two years incarceration on the first count and to one year on each of the remaining counts, to be served consecutively, for an aggregate of five years. Petitioner was also found to be a sexual predator.

Petitioner's convictions arose consequent to sexual acts he committed upon his daughter and her girlfriends, who were 12 and 13 years of age at the time.

Petitioner did not file a timely direct appeal of his convictions.

Instead, more than six months later, petitioner filed with the Ohio Eleventh District Court of Appeals on June 11, 2001 a motion for leave to file a delayed appeal and notice of appeal, which he subsequently supplemented eight days later. On July 27, 2001 the appellate court granted his motion and petitioner subsequently alleged the following five assignments of error:

> I. The trial court erred by accepting guilty pleas without first determining whether the appellant understood the effect of the plea.
>
> II. The trial court erred and abused its discretion, to the prejudice of the appellant, by failing to impose the shortest prison term authorized by law upon the appellant.
>
> III. The trial court erred by imposing consecutive sentences upon appellant.
>
> IV. The trial court's findings that the appellant was a sexual predator was not supported by sufficient evidence.
>
> V. The trial court committed reversible error by denying the appellant's motion to vacate the court costs that the trial court previously assessed against the appellant.

On April 7, 2003 the state appellate court affirmed the judgment of conviction and sentences.

Petitioner appealed to the Ohio Supreme Court the appellate court's affirmance of his convictions, alleging the following three propositions of law:

> **Proposition of Law No. I:** A trial court commits reversible error by failing to impose the shortest prison term authorized by law upon a criminal defendant that has never previously been incarcerated in a prison and the record contains insufficient evidence to justify a prison term which is more than the minimum required by law.
>
> **Proposition of Law No. II:** A trial court commits reversible error by sentencing a criminal defendant to serve consecutive sentences where the record reveals that concurrent sentences would have adequately reflected the seriousness of the crime and that consecutive sentences were not necessary to protect the public from future crime by the offender.
>
> **Proposition of Law No. III:** A trial court's finding that a criminal defendant is a sexual predator is supported by sufficient evidence, where the record reveals that the defendant was convicted of several counts of gross sexual imposition, all of the conduct of the defendant giving rise to the charges occurred during a fairly short time-span, and the defendant had no prior criminal record involving sexual offenses and no prior felony record at all.

On September 10, 2003 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

After nearly a year had passed, on August 6, 2004 petitioner filed pro se an application for leave to reopen his direct appeal, presumably pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, alleging ineffective assistance of appellate counsel. The appellate court denied that application holding that it was untimely filed, that good cause for the untimeliness had not been shown, and that the claim underlying the ineffective assistance allegation was barred by res judicata.

Petitioner appealed the foregoing ruling to the Ohio Supreme Court alleging the following two propositions of law:

> **Proposition of Law No. I:** A motion for leave to reopen appellant's appeal is a direct extension of the appellate process and, as such, an applicant who is not provided with counsel to timely file such an application has demonstrated good cause for any delay in the filing.
>
> **Proposition of Law No. II:** Appellate counsel was sufficiently deficient in failing to raise the issue of the Apprendi violations in appellant's case because there was a reasonable probability of success in vacating appellant's sentence had the issue been properly presented and supported with existing case law on appeal.

On January 6, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On February 14, 2005 petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on April 28, 2005.

Petitioner filed the instant petition for writ of habeas corpus on May 19, 2005, in which he alleges the following five claims for relief:

> **A. GROUND ONE:** DENIAL OF RIGHT TO REOPEN

3

      APPEAL BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL.

      **Supporting FACTS:** Petitioner filed motion for reopening pursuant to Ohio App. R. 26(B), said motion was denied for failure to demonstrate "good cause" for delay.  Good cause is not defined in the App. Rules, and Petitioner avers that acting pro se, without counsel, is good cause for delay and that 11 months is not an unreasonable time.

**B.**    **GROUND TWO:** SENTENCE OF IMPRISONMENT RATHER THAN COMMUNITY CONTROL IMPOSED BASED ON THE FINDING OF FACTS NOT CHARGED IN THE INDICTMENT OR PLEADED TO IN THE GUILTY PLEA.

      **Supporting FACTS:** The court found that "a prison sentence is consistent with the purposes and principles of sentencing, defendant is not amenable to an available community control sanction, that the injury was exacerbated by the age of the victims, the victim suffered serious psychological harm, the offender held a position of trust and the relationship with the victims facilitated the offense."  None of these elements were charged in the indictment or pleaded to by the Petitioner, therefore the sentence violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

**C.**    **GROUND THREE:** LONGER THAN MINIMUM PRISON TERMS WERE IMPOSED BASED ON THE FINDING OF FACTS NOT CHARGED IN THE INDICTMENT OR PLEADED TO IN THE GUILTY PLEA.

      **Supporting FACTS:** The court found that "the shortest prison term will demean the seriousness of the defendant's conduct."  This element was not charged in the indictment or pleaded to by the Petitioner in his guilty plea, therefore the sentence violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

**D.**    **GROUND FOUR:**   CONSECUTIVE PRISON TERMS WERE IMPOSED BASED ON FINDINGS OF FACTS NOT CHARGED IN THE INDICTMENT OR PLEADED TO BY THE PETITIONER IN HIS GUILTY PLEA.

4

> **Supporting FACTS:** The court found that "consecutive sentences are necessary to protect the public from future crime or punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public, and the harm caused by the multiple offenses committed by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct reflects the seriousness of the defendant's conduct." None of these elements were charged in the indictment or pleaded to by the Petitioner in his guilty plea, therefore the sentence violated the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution.
>
> **E. GROUND FIVE:** PETITIONER SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.
>
> **Supporting FACTS:** Appellate counsel failed to raise the issue of judicial finding of facts not charged in the indictment or pleaded to by the Petitioner, but found by a preponderance of the evidence by the trial court, being used by the trial court to justify imposing prison terms instead of community control, longer than minimum prison terms, and consecutive rather than concurrent prison terms. Appellate counsel failed to cite existing United States Supreme Court case law to support these issues, when that case law (Apprendi v. New Jersey, Ring v. Arizona, and others) had been decided prior to Petitioner's sentencing (Apprendi), and prior to Appellate Court's decision on direct appeal (Ring). Appellate counsel failed to file a supplemental brief the Appellate Court during the pendency of Appellant's direct appeal utilizing the holdings of the United States Supreme Court in Ring to support the argument of the improper use of judicial fact-finding by a preponderance of the evidence, and that the sentencing factors used by the trial court are, in fact, elements of the offense which must be charged in the indictment and proved to a jury, or admitted by the defendant in the guilty plea before they can be used to increase the sentence authorized by the bare fact of the guilty plea alone.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired, including the time for filing a petition for writ of certiorari for direct review by the United States Supreme Court. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) (citing Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Ohio Supreme Court and the Sixth Circuit Court of Appeals have determined that a Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure. Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004). Accord, Chapman v. Moore, Case No. 1:04CV0361, 2005 U.S.Dist. LEXIS 33139 (N.D.Ohio December 15, 2005) (Judge Wells).  Thus, the filing of such an application would toll the running of the one year limitation period under §2244(d) while it is pending before the Ohio courts, Bronaugh v. Ohio, 235 F.3d 280, 283-286 (6th Cir. 2000).

In the present case, petitioner's conviction became final on November 17, 2000, 30 days after

6

his October 18, 2002 sentencing, the date upon which he would have had to file an appeal of that decision. When he did not file such an appeal, the one year limitations period within which his habeas petition was due to be filed began to run on the following day, November 18, 2000, Rule 6, Federal Rules of Civil Procedure. It continued to run for 205 days until June 11, 2001, the date upon which he filed a motion for delayed appeal, which the appellate court granted. That action tolled the one year limitations period until December 19, 2003, which was 90 days after the Ohio Supreme Court declined review of the appellate court's affirmance of his convictions and sentences.

At that point 160 days remained in the limitations period, but it expired on or about May 27, 2004 without any filings by petitioner. On August 6, 2004, after the expiration of the limitations period, petitioner filed his untimely application to reopen his direct appeal, but that filing could not revive an already expired limitations period.

It follows, therefore, that the instant petition filed on May 19, 2005 was untimely.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001). Although petitioner argues that the trial court neglected to inform him at sentencing of his right to appeal, this Court has reviewed the change of plea hearing transcript and found at page 8 thereof that the trial court informed petitioner that an appeal had to be filed within 30 days of his sentencing. When the court asked petitioner whether he understood the foregoing, he answered in the affirmative and then told the court that he had no questions in that regard.

It is recommended that the instant petition be dismissed, without further proceedings.

                                                              s/DAVID S. PERELMAN  
                                                              United States Magistrate Judge

DATE:    January 25, 2006

## OBJECTIONS

       Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).